UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE DELGADO,

    Plaintiff,

v.                                                    Case No:   6:15-cv-2139-Orl-41TBS

MAGICAL CRUISE COMPANY,
LIMITED,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant's Motion to Strike Plaintiff's Expert, or in the Alternative, Motion to Compel Better Expert Disclosures and Motion [for] Stay of Defendant's Expert Disclosure Deadline (Doc. 27). Plaintiff has filed a response in opposition to the motion and the dispute is ripe for decision (Doc. 28).

Plaintiff Jorge Delgado complains that while employed as a crew mess attendant aboard Defendant Magical Cruise Company Limited's vessel the Wonder, he was injured as a consequence of Defendant's negligence (Doc. 1). Defendant denies liability and has asserted ten affirmative defenses (Doc. 9).

The Case Management and Scheduling Order ("CMSO") which governs the case required Plaintiff to disclose his expert witness reports by February 15, 2017 (Doc. 20 at 1). Defendant's expert witness disclosure was due by March 15, 2017 (Id.). The CMSO requires the parties to "fully comply" with FED. R. CIV. P. 26(a)(2) and 26(e) on or before these expert disclosure deadlines (Id., at 3).

On February 15, 2017, Plaintiff disclosed that he intends to call ergonomist and safety inspector Dr. Marc B. Wilson as an expert witness (Doc. 27-1). According to

Plaintiff, "Dr. Wilson is a Board Certified Professional Ergonomist, and Expert regarding ship design, human factors, engineering, ergonomics, and safety Marine Safety Inspector. Dr. Wilson will evaluate, test, measure, and examine the area of the alleged incident once provided access to the Defendant's vessel as currently scheduled." (Id., at 1). Because Dr. Wilson has not inspected the Wonder, he has not prepared a report, and Plaintiff can only anticipate what testimony the doctor will give (Id., at 2).

Plaintiff's disclosure of Dr. Wilson does not satisfy the requirements of FED. R. CIV. P. 26(a)(2) or the CMSO because it does not include: (1) "a written report–prepared and signed by the witness;" (2) "a complete statement of all opinions the witness will express and the basis and reasons for them;" (3) "the facts or data considered by the witness in forming them;" or (4) "any exhibits that will be used to summarize or support them." FED. R. CIV. P. 26(a)(2)(B).

When a party fails to comply with Rule 26's expert disclosure requirements "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In addition to or in lieu of this sanction, the Court, on motion, and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure;
>
> (C) and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Id.

The burden of establishing that a failure to disclose was substantially justified or harmless rests on the party who failed to disclose the information. Mitchell v. Ford Motor

Co., 318 F. App'x 821, 825 (11th Cir. 2009). The Court considers the following factors when determining whether a failure to disclose an expert is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012).

The parties' attorneys are based in Miami, Florida. When this case was filed, it was one of three involving the same attorneys and Defendant.[1] The vessels in all three cases sail out of Port Canaveral, Florida (Doc. 28, ¶ 3). Plaintiff explains that "[i]n an effort to avoid multiple trips from Miami to Port Canaveral for both sides counsels and Plaintiff's counsels expert, in order to be able to conduct vessel inspections, Plaintiff's counsel and Defendant's counsel worked together to arrange for the depositions of the three Plaintiff's, their defense medical exams, their vessel inspections and their mediations to all occur contemporaneously the week of April 20, 2017. This was worked out on January 11, 2017 via email." (Doc. 28, ¶ 4). The email to which Plaintiff refers has not been produced to the Court.

Defendant states that the Wonder has been generally available for inspection since the start of the case and Plaintiff made no effort to inspect it prior to his expert disclosure deadline (Doc. 27 at 7). Defendant also notes that Plaintiff has not sought an extension of the deadline to make his expert witness disclosures (Id., at 8). Defendant alleges that Plaintiff first requested an inspection of the Wonder in December, 2016, and that it was

---

[1] The two other cases are Jelena Beluhan v. Magical Cruise Company, Ltd., d/b/a Disney Cruise Line, Case No. 6:15-cv-2137-18GJK, and Edson Rodriguez v. Magical Cruise Company, Ltd., d/b/a Disney Cruise Line, Case No. 6:15-cv-2136-31TBS (Doc. 13 at 1).

Plaintiff who suggested the inspection coincide with the mediation during the week of April 20 (Doc. 27 at 7). Defendant admits that the parties agreed to inspect the vessels to coincide with mediation during the week of April 20, but does not mention the depositions and defense medical examinations (Id.).

Plaintiff says that based on the agreement of counsel, and to avoid burdening the Court with a motion to extend the deadline for him to make his expert witness disclosures, Plaintiff provided the information he had by the deadline in the CMSO (Doc. 28, ¶ 5). Plaintiff argues that although his disclosure is incomplete, it contains all the information Defendant requires to be able to decide whether to engage its own expert witness (Id., ¶ 6). Because the inspection of the Wonder is scheduled for the week of April 20, Plaintiff states that he has no problem with Defendant reserving the right to amend and supplement its expert witness disclosure sometime after the inspection occurs (Id., ¶ 6). Plaintiff also states that at the good faith conference of counsel which preceded the filing of this motion to strike, Plaintiff told Defendant he had no objection to the filing by Defendant of an unopposed motion to allow Defendant to provide its expert disclosures 30 days after Dr. Wilson renders his opinions (Id., ¶ 8).

Based upon the foregoing representations, Plaintiff argues that his failure to comply with Rule 26(a)(2) and the CMSO is substantially justified and harmless (Id., ¶ 11). Plaintiff also argues that the striking of his expert is not warranted and would be irreparably prejudicial to the presentation of his case (Id., ¶ 9).

Defendant claims that it has been significantly prejudiced by Plaintiff's failure to comply with Rule 26(a)(2) and the CMSO (Doc. 27 at 5-6). It says it can only guess at what Dr. Wilson will conclude and how he reaches his conclusions (Id.). According to Defendant, this leaves it "vulnerable to surprise and ambush without reasonable recourse

to cure the surprise." (Id., at 6). And, Defendant argues that it will be unfairly prejudiced if it is required to make its complete expert disclosures before Plaintiff makes his disclosures (Id., at 5-6).

This dispute could have been avoided if counsel for Plaintiff had been more careful when it came to compliance with Rule 26(a)(2) and the CMSO, and more careful when it came to documenting whatever understandings he believed he had reached with counsel for Defendant.[2] Local Rule 4.15 provides that "[n]o stipulation or agreement between any parties or their attorneys, the existence of which is not conceded, in relation to any aspect of any pending case, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted." Plaintiff has not shown, by the standard required in Rule 4.15, that Defendant made any agreement that would excuse Plaintiff's compliance with the expert disclosure requirements of Rule 26(a)(2) and the CMSO. Therefore, the Court finds that Plaintiff's failure to timely make his expert witness disclosure is not substantially justified.

That said, the deadline to complete all discovery is June 5, 2017; dispositive motions are due by July 10, 2017; and the parties Joint Final Pretrial Statement is due by November 6, 2017 (Doc. 20 at 1). Thus, there still is time to complete the expert witness disclosures, which the Court will assume are critical to the parties' cases, without prejudicing Defendant or disrupting the case management schedule. This leads the Court to conclude that Plaintiff's error can be rendered harmless through modification of the

---

[2] Although Defense counsel was under no duty to do so, this dispute could also have been avoided if he had pointed out in December, 2016 that Plaintiff's proposal to inspect the Wonder in April, 2017 was inconsistent with the deadline for Plaintiff's expert witness disclosures.

- 5 -

CMSO. Accordingly, the Court **GRANTS** Defendant's motion **in part**. The expert witness disclosure Plaintiff has already made is **STRICKEN**. Plaintiff shall make his full and complete expert witness disclosures no later than May 15, 2017. Defendant shall have 30 days from the date Plaintiff makes his expert disclosures within to make its expert disclosures. In all other respects, Defendant's motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record