UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE DELGADO,

    Plaintiff,

v.                                                   Case No: 6:15-cv-2139-Orl-41TBS

MAGICAL CRUISE COMPANY,
LIMITED,

    Defendant.

## ORDER

Pending before the Court are Defendant's Motion for Protective Order, Motion to Quash, and Motion to Compel Plaintiff to apply for a Visa (Doc. 31), and Defendant's Motion for Protective Order and Motion to Quash Plaintiff's Unilateral Notice of Defendant's 30(b)(6) Corporate Representative Deposition (Doc. 32). The Court has reviewed Plaintiff Jorge Delgado's responses to the motions (Docs. 33, 35) and heard oral argument (Doc. 36).

### Background

Delgado served as a crewmember aboard Defendant's ships (Doc. 33). In April 2014, during the course of his shipboard employment, Delgado suffered a herniated disk injury as a result of the alleged negligence of Defendant (Doc. 1). Delgado was medically disembarked and repatriated to his native country of Peru (Doc. 33). In Lima, he received medical care and treatment provided by Defendant's network of doctors (Id.). Delgado represents that on February 23, 2015, Dr. Gomez declared that he had reached maximum medical improvement for his injury (Id.). This lawsuit was filed in December 2015 (Doc. 1).

Although the parties' initial case management meeting was held on May 11, 2016 (Doc. 12) (thus starting the period allowed for discovery) and the discovery deadline is set to expire June 5, 2017, neither party has taken the deposition of the other. On May 15, 2017, Delgado noticed his own deposition to occur on May 25, 2017 "via Skype" (Doc. 31-4).[1] On May 18, 2017, Delgado served a Notice of Taking Deposition of Defendant's corporate representative, to occur May 30, 2017 (Doc. 32-1). Defendant objects to both depositions on various grounds. When asked at hearing why Defendant did not notice Delgado's deposition, its counsel said Defendant made a "business decision" to wait until after the April 24, 2017 mediation to determine whether it was necessary to depose Delgado.[2] When Delgado was asked about his own delay in seeking to depose Defendant's corporate representative, his lawyer claimed that defense counsel have "refused to produce their calendars," thus forcing him to unilaterally schedule the deposition to occur before the discovery cut-off.

<u>Motion regarding the taking of Delgado's deposition (Doc. 31)</u>

Rule 26(c) allows the Court to enter a protective order, for good cause, to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(C)(1). Defendant relies on the rule here, and objects to the unilateral scheduling of Delgado's deposition via Skype, arguing that Delgado should be compelled to apply for a visa in order to appear in Florida for his deposition and "possible" Rule 35 examination. Defendant also seeks an extension of time to complete Delgado's deposition and "if

---

[1] "Skype is an internet communication service that provides live, two-way audio and video communication." <u>Hernandez v. Hendrix Produce, Inc.</u>, 297 F.R.D. 538, 540 (S.D. Ga. 2014) citing <u>Julian v. State</u>, 319 Ga.App. 808, 738 S.E.2d 647, 649 n. 4 (Ga.App.2013).

[2] The motion reflects that it was not until May 8, 2017, that defense counsel first reached out to Delgado's counsel regarding scheduling Delgado's deposition (Doc. 31, ¶6).

- 2 -

necessary" Rule 35 examination, and also requests an extension until July 1 for Defendant's expert physician disclosures. Defendant requests attorney's fees and costs associated with bringing its motion. The Court finds that for the most part, the motion is without merit.

The last minute and unilateral scheduling of Delgado's deposition by *Delgado* would normally be enough to warrant quashing the notice. But at hearing, Delgado's attorney represented that visa difficulties will most likely preclude his client's presence at trial, making testimony by remote means essential to preserve Delgado's testimony for trial. As Defendant did not timely attempt to take Plaintiff's deposition for reasons of its own, Delgado cannot be faulted for setting it himself.

Depositions by remote means are not unusual, given the strides of technology, and it is undisputed that Delgado needs but does not have the visa necessary to enter the United States for this purpose. In addition, Delgado represents that he is an unemployed seaman with scarce financial means and travel for this purpose is a great economic hardship. While the Court acknowledges that deposing Delgado from Peru via Skype is not as desirable as a face to face deposition in Florida, to the extent this is a burden on Defendant, such burden is not "undue" under the circumstances. See Rule 30(b)(4) (allowing deposition "by remote means"); Balu v. Costa Crociere S.P.A., No. 11-60031-CIV, 2011 WL 3359681, at *2 (S.D. Fla. Aug. 3, 2011) (noting "depositions are now readily taken inexpensively by internet video (e.g., Skype) or through somewhat more expensive, but still efficient, video conferencing facilities."); Hernandez v. Hendrix Produce, Inc., 297 F.R.D. 538, 541 (S.D. Ga. 2014) ("Skype depositions have been used where travel is cost prohibitive" – collecting cases); In re Willingham, No. 3:11-AP-00269-JAF, 2014 WL 3697556, at *4 (Bankr. M.D. Fla. July 18, 2014) ("ample case law

recognizes that a videoconference deposition can be an adequate substitute for an in-person deposition, particularly when significant expenses are at issue" - collecting cases). As noted in a case cited by Defendant: ""[I]f a plaintiff demonstrates hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum 'may yield to the exigencies of the particular case.'" <u>Arval Serv. Lease S.A. v. Clifton,</u> No. 3:14-CV-1047-J-39MCR, 2015 WL 12818837, at *3 (M.D. Fla. June 23, 2015), quoting <u>Palma v. Safe Hurricane Shutters, Inc.,</u> 2009 WL 653305, *4 (S.D. Fla. Mar. 12, 2009). Here, I find no reason to compel Delgado to apply for a visa or incur the expense of traveling to Florida for his deposition.

I am also not persuaded that Delgado's presence in Florida is required for a "possible" Rule 35 examination. Defendant has filed no motion seeking such an examination and, considering that Delgado has been under the care of physicians employed by Defendant, it has not established good cause for same. There is also no good cause shown for extending the deadline for expert witness disclosures.

Now, Defendant's motion is **denied** to the extent it seeks to quash the deposition of Delgado, compel Delgado to obtain a visa in order to come to Florida, for an award of costs, and for an extension of time to make expert witness disclosures. Defendant's motion is **granted** to the extent it seeks an extension of time to complete Delgado's deposition, as follows: Delgado may be deposed in Peru by remote means (Skype, videoconferencing or similar) at a time mutually convenient to the parties, but no later than July 31, 2017. If taking the deposition by videographic means proves to be *demonstrably* insufficient and Defendant can show good cause, Defendant may move to tax the costs of defense counsel taking the deposition in person in Peru. Consistent with the requirements of the Case Management and Scheduling Order, any discovery

conducted after the dispositive motions date will not be available for summary judgment purposes and the delay in taking this deposition is not grounds for extension of the summary judgment deadline.

<u>Motion regarding the taking of Defendant's deposition (Doc. 32)</u>

Defendant moves for a protective order and to quash Delgado's unilateral Notice of Deposition of Defendant's 30(b)(6) Corporate Representative, contending that it was not timely served, was not coordinated with defense counsel, and Defendant's chosen counsel is not available on the date selected, or any other date prior to the expiration of discovery.

Rule 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30()(1). Pursuant to our local rule: "Unless otherwise stipulated by all interested parties …, a party desiring to take the deposition of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and to the deponent (if the deponent if not a party)." L. R. 3.02. As the Notice of Taking a May 30, 2017 Deposition of Defendant's corporate representative was served on May 18 (Doc. 32-1), it is untimely.

Delgado does not dispute the untimeliness of the Notice, contending only that as defense counsel "refused to produce their calendars to facilitate scheduling," Delgado's counsel "had no choice but to notice the deposition to occur before the discovery cutoff." (Doc. 35 at 2). Delgado suggests a discovery extension would remedy the objection, noting that, although Defendant is at fault for not producing calendars or providing sworn affidavits as to counsel's stated unavailability, Delgado's counsel is "nevertheless … willing to confer in good faith to coordinate mutually agreeable times and dates for the

- 5 -

depositions."(Doc. 35 at 3). I am not persuaded. Although Delgado's counsel claims that he "had no choice but to notice the deposition" for this time, I disagree. Delgado had a year in which to depose Defendant. He chose to wait until the waning days of discovery to serve his Notice.[3] There are consequences to such a choice. I find no showing of good cause for the unreasonable delay evident here. Therefore, I see no reason to extend the discovery deadline to accommodate Delgado's failure to timely secure Defendant's deposition. Defendant's motion is **GRANTED** to the extent it seeks to preclude the taking of the corporate deposition.

Defendant seeks an award of reasonable fees and costs associated with bringing the motion, under FED. R. CIV. P. 26(c)(3) (incorporating Rule 37(a)(5)'s award of expenses for motions for protective order). I am not persuaded. The course of conduct evidenced in the papers and at hearing make it clear that counsel on both sides share responsibility for the situation giving rise to these motions.[4] Accordingly, the motion is **DENIED as to fees and costs.** See Rule 37(a)(5)(A)(iii) (no costs "if other circumstances make an award of expenses unjust").

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2017.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

---

[3] I do not accept counsel's excuse that his failure to schedule the deposition was defense counsel's fault. In this district, counsel are obligated to work together to assure the orderly flow of discovery. To the extent Delgado was having exceptional difficulty setting an agreeable date for Defendant's deposition, he could have sought the Court's assistance through a timely filed motion. He did not do so.

[4] Delgado's counsel's unseemly suggestion regarding who should be "the only lawyer allowed to communicate" with him (Doc. 35 at 4) is one example. Defense counsel's wide-eyed innocence in insisting that Defendant's deposition cannot possibly be taken until after Delgado's deposition, while making no efforts to depose Delgado, is another.

Copies furnished to Counsel of Record