UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE DELGADO,

    Plaintiff,

v.                                     Case No: 6:15-cv-2139-Orl-41TBS

MAGICAL CRUISE COMPANY,
LIMITED,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration of Order Denying Motions to Compel (Doc. 50). Plaintiff asks the Court to reconsider its Order denying his motions to compel as untimely, or, alternatively, extend the discovery deadline to allow for a consideration of the motions to compel on the merits. The motion is due to be denied.

The applicable portion of Rule 60(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." Reconsideration of a court's order is an extraordinary remedy that is "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). The three major grounds for reconsideration of an order are to: (1) account for an intervening change in controlling law; (2) consider newly available evidence; or (3) correct clear error or prevent manifest injustice. Parker v. Midland Credit Mgmt., 874 F.Supp.2d 1353, 1359 (M.D.Fla.2012). "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Florida

College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Litigants cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

Plaintiff acknowledges, as he must, that the Case Management and Scheduling Order governing this case states that the Court may deny as untimely all motions to compel filed after the discovery deadline. He also does not dispute that his motions to compel were filed after the discovery deadline. Nonetheless, he contends that, due to counsel's excusable neglect, "the Court was never made aware of when Defendant served its discovery objections;" namely, on May 31st, just days before the June 5 discovery deadline. Plaintiff reasons that, because he only had five days to brief and file discovery motions, missing the discovery deadline was excusable as "Plaintiff diligently filed two very extensive and thorough Motions to Compel – within 19 days of having received Defendant's voluminous objections." Plaintiff argues that reconsideration is warranted because "there is a need to prevent manifest injustice" as Plaintiff "in good faith" filed the motions to compel "within a reasonable time after the Defendant's response." I am not persuaded.

Plaintiff cites no authority for his proposition that as long as discovery motions are filed within a "reasonable time" after a discovery response is received, the discovery deadline should not apply. As explained in the Order denying the motions to compel, the parties were well aware of the discovery deadline and that the Court expected the parties to abide by it. While Defendant may have served responses to the discovery requests on

May 31st, *Plaintiff* did not serve the requests on Defendant until May 1, 2017 (Doc. 50, ¶9). To the extent serving requests at the end of the discovery period gave Plaintiff insufficient time to prepare and file a timely motion to compel, the fault lies not with Defendant or the Court. Consequently, I see no manifest injustice here.

To the extent the motion seeks a belated extension of discovery, it is without merit. The CMSO makes clear that motions for an extension of the discovery deadline are disfavored, and will not be granted absent good cause (Doc. 20 at 4). Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 16(b)(4) provides that, after a scheduling order is entered, it "may be modified only for good cause and with the judge's consent." See Abruscato v. GEICO Gen. Ins. Co., No. 3:13-cv-962-J-39JBT, 2014 WL 12616965, at *2 (M.D. Fla. May 30, 2014) (noting that in the Eleventh Circuit, "it is not entirely clear whether just Rule 16, or also Rule 6, governs a motion to re-open discovery filed after discovery has closed," and applying both rules).

To show good cause under Rule 16(b), a party must establish that, despite his diligence, the deadline could not be met. Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir.1998) (citing FED. R. CIV. P. 16 Advisory Committee's Note). "Excusable neglect is an equitable determination that requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced." Foudy v. Saint Lucie Cty. Sheriff's Office, 677 F. App'x 657, 660 (11th Cir. 2017), citing In re Worldwide Web Sys. Inc., 328 F.3d 1291, 1297 (11th Cir. 2003). In determining whether excusable neglect exists, courts utilize a four-factor balancing test: (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its

- 3 -

potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993).

Consideration of these factors does not convince me that my original Order was erroneous and that good cause exists for a further extension. Plaintiff had an adequate opportunity for discovery but admits that he did not propound this discovery until the last month of the discovery period. Plaintiff's counsel admits that he could have filed an earlier motion to extend the discovery deadline, but did not. He also admits that he waited until 19 days after receiving the discovery response before filing his second motion to compel (Doc. 41). None of these acts supports a finding of diligence. This conclusion is reinforced by the parties' knowledge of the Court's May 30, 2017 Order granting Defendant's motion to preclude the taking of its corporate deposition. In that Order the Court said:

> Although Delgado's counsel claims that he "had no choice but to notice the deposition" for this time, I disagree. Delgado had a year in which to depose Defendant. He chose to wait until the waning days of discovery to serve his Notice.[fn] There are consequences to such a choice. I find no showing of good cause for the unreasonable delay evident here. Therefore, I see no reason to extend the discovery deadline to accommodate Delgado's failure to timely secure Defendant's deposition.

(Doc. 37 at 6).[1] Having been so clearly advised of the importance of the discovery deadline and the Court's intolerance of a lack of diligence, Plaintiff's counsel's failure to timely file here cannot be excused.

Now, Plaintiff's motion is **DENIED.**

---

[1] In a footnote, the Court also rejected Plaintiff's excuse that the failure to schedule the deposition was the fault of defense counsel, noting: "To the extent Delgado was having exceptional difficulty setting an agreeable date for Defendant's deposition, he could have sought the Court's assistance through a timely filed motion. He did not do so." Id.

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2017.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record